U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 19 AM 10: 52

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DILVAR SINGH )
)
Plaintiff, )
)
v. ) Case No. 2:23-cv-508
)
UR M. JADDOU, )
)
Defendant. )

**ORDER TO PROVIDE CURRENT MAILING ADDRESS AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

A review of the docket in this case reveals the following:

1. On October 18, 2023, Plaintiff filed a Complaint against Ur Jaddou, the Director of the United States Citizenship and Immigration Services. Plaintiff paid the filing fee and filed a Notice of Pro Se Appearance ("NOA").

2. Plaintiff's NOA listed his street address as New Jersey and his mailing address as a Post Office Box in Burlington, Vermont. *See* Doc. 2. This address appears to be the address of a company providing assistance to self-represented litigants seeking relief related to immigration.

3. On November 30, 2023, Defendant filed a motion to obtain Plaintiff's contact information and to stay the case.

4. No further filings have been received as of the date of this Order.

First, pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). Moreover, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of

the entry of orders[.]").

Second, the Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The only filing the court has received from Plaintiff was his Complaint filed over eleven months ago. Plaintiff is hereby ORDERED to provide the court with a current mailing address as required by Local Rule 11(c). Additionally, pursuant to Rule 41(b), Plaintiff is ORDERED to show cause why this case should not be dismissed for failure to prosecute. Plaintiff is further reminded of his obligation to serve a copy of anything he files with the court, including a Notice of Voluntary Dismissal, on the U.S. Attorney's Office for the District of Vermont.[1] **Failure to file a response to this Order on or before October 18, 2024, may result in the dismissal of this case.**

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of September, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

---

[1] U.S. Attorney's Office, P.O. Box 570, Burlington, VT 05401.